# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DAVID W. SVETE,

                Plaintiff,      Case No. 2:09-cv-00345-JCM-GWF

vs.                                 **ORDER**

HOWARD F. WUNDERLICH, *et al.*,

                Defendants.

       This matter is before the Court on Plaintiff David W. Svete's Complaint (#1-3), filed February 23, 2009.

## DISCUSSION

       On August 2, 2010, the Court granted Plaintiff's application to proceed *in forma pauperis*. (#6). Upon granting a request to proceed *in forma pauperis*, a court must screen a complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

       A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton*, 504 U.S. at 33. When a court

dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Allegations in a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-57 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*; *see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g. claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g. fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); see also *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991)

**1.    Background**

In the present complaint, Plaintiff David W. Svete asserts claims against Howard F. Wunderlich, M.D., Isaac Corney, M.D. and Rani Whitfield, M.D., alleging that they failed to provide the required level of diligence when working as medical experts. (#1-3). According to the complaint, in the 1990s, Svete founded a company called LifeTime Capital, Inc. ("LCI") that purchased the life insurance policies of terminally or chronically ill policyholders in exchange for lump sum payments. (#1-3 at 3). LCI contracted with a Nevada company, Medical Underwriting, LLC ("MUL"), to determine which policies should be purchased. (*Id.* at 4-5). MUL administered the medical underwriting process, secured medical records and contracted with Defendants as medical experts to review medical records and determine a reasonable life expectancy for policyholders. (*Id.* at 4-5). According to the complaint, Svete assisted MUL in obtaining medical experts and was a party to the Physician Retainer Agreements entered into by defendants. (#1-3 at 22).

. . .

2

The Complaint states that LCI and Svete, individually, relied upon the defendants' review of the insured's life expectancies, which in many cases turned out to be inaccurate. (*Id.* at 8-9). These inaccuracies allegedly occurred because Defendants did not review the insured's medical records as required by contract, but instead reviewed the policyholder's medical summaries. (*Id.* at 22). According to the complaint, the doctors submitted evaluations based on these summaries to LCI, which included misrepresentations about the thoroughness of the doctors' underwriting protocol. (*Id.* at 14-15). Svete did not discover the alleged inaccuracies and misrepresentations until February 2005. (#1-3 at 15). Until that time, Plaintiff argues that he and LCI reasonably relied on Defendants' evaluations and that the resulting inaccuracies and misrepresentations in Defendants' medical analysis have resulted in ongoing damages to LCI and Svete. (*Id.* at 10-11).

Based on these factual allegations, Plaintiff asserts claims for a) breach of contract, b) negligence, c) negligent misrepresentation, d) breach of fiduciary duty, e) unfair and deceptive trade practices, f) products liability, g) gross negligence, h) misrepresentation, i) common law fraud and j) negligent infliction of emotional distress. Plaintiff is seeking damages, indemnification and injunctive relief based on the defendants' alleged actions and omissions. (#1-3).

Upon review of the complaint, the Court finds that Plaintiff has stated viable claims for relief. Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of the Court shall file the Complaint (#1-3).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall issue summons to the defendants named in the complaint and deliver the summons to the U.S. Marshal for service. The Plaintiff shall have twenty (20) days to furnish to the U.S. Marshal the required USM-285 forms. After Plaintiff receives copies of the completed USM-285 forms from the U.S. Marshal, he has twenty (20) days to file a notice with the court identifying which defendants were served and which were not served, if any. If the Plaintiff wishes to have the U.S. Marshal attempt service again on any unserved defendant, then a motion must be filed with the court identifying the unserved defendant, specifying a more detailed name and address, and indicating whether some other manner of service should be used. Pursuant to the Federal Rules of Civil Procedure Rule 4(m), service must be accomplished within one hundred twenty (120) days from the date that the complaint was filed.

**IT IS FURTHER ORDERED** that henceforth, Plaintiff shall serve upon Defendants, or their attorney if they have retained one, a copy of every pleading, motion, or other document submitted for consideration by the court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the Defendant or their counsel. The court may disregard any paper received by a district judge, magistrate judge, or the Clerk which fails to include a certificate of service.

DATED this 20th day of April, 2011.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge